# AARONSON RAPPAPORT
Aaronson Rappaport Feinstein & Deutsch, LLP

March 13, 2025

**Via PACER ECF**

Att: Hon. Philip M. Halpern
United States District Court
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States [Courthouse]
300 Quarropas St.
White Plains, NY 10601-4150

Re:     **Margareth Rosenard v. H**[ome Depot U.S.A., Inc.]
         Civil Action No.: 7:24-cv-0[6497-PMH]

> Application denied. The parties have failed to establish good cause for complete deviation from this Court's Model Confidentiality Stipulation and Proposed Protection Order. To the extent any party seeks confidentiality designations as to a specific category of information, the party may either seek (i) an order pursuant to Rule 1(I) of this Court's Individual Practices; or (ii) a discovery order pursuant to Rule 4(D) of this Court's Individual Practices.
>
> The Clerk of Court is respectfully directed to terminate the letter motion pending at Doc. 15.
>
> SO ORDERED.
>
> *[signature]*
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>         March 14, 2025

Dear Honorable Halpern:

      Please be advised that this firm represents the interests of defendant Home Depot U.S.A., Inc. ("Home Depot") in connection with the above-referenced action. Pursuant to Rule 1(I) of this Court's Individual Practices, Home Depot respectfully requests, upon good cause shown, permission to deviate from this Court's Model Confidentiality Stipulation and Proposed Protective Order (hereinafter the "S.D.N.Y. Model Stipulation"), available on this Court's page on the S.D.N.Y. public website and execution of the parties' proposed Confidentiality Stipulation and Protective Order, filed on March 7, 2025.

      By way of background, on March 7, 2025, Home Depot filed via PACER ECF a Proposed Confidentiality Stipulation and Protective Order, signed by both parties to this action (PACER Doc. No. 13). On March 10, 2025, Your Honor issued an Order denying Home Depot's application without prejudice to renewal to have the Stipulation So-Ordered in accordance with Rule 1(I) of this Court's Individual Practices.

      Home Depot submits that good cause exists to deviate from the S.D.N.Y. Model Stipulation solely because it does not allow Home Depot to designate as "Confidential" portions of such materials that it reasonably and in good faith believes consists of information of a personal or intimate nature regarding a *corporation*. Section 2(d) of the S.D.N.Y. Model Stipulation provides for designation of confidentiality portions of materials believed to consist of "any information of a personal or intimate nature regarding any *individual*." Since Home Depot is a "corporation," rather than an "individual" for purposes of this confidentiality stipulation, it presumably would not be afforded the designation of "Confidential" under the S.D.N.Y. Model Stipulation for materials consisting of information that is intimate or personal to it.

Att: Hon. Philip M. Halpern
March 13, 2025

Re: ROSENARD, MARGARETH v. HOME DEPOT U.S.A., INC

      One of the potentially discoverable items in this case is Home Depot's highly confidential asset protection CCTV footage. The locations and angles of its asset protection cameras are highly sensitive information, undoubtedly warranting a confidentiality agreement. Home Depot utilizes the CCTV system to deter theft and other criminal activity. Home Depot does not disclose any details regarding CCTV system to the public, only its asset protection associates have access to the CCTV system, and access to such system is password protected. Furthermore, such footage may depict individual customers and Home Depot employees who are not a party to this herein litigation.

      Undoubtedly, such highly sensitive asset protection CCTV footage warrants a designation of "Confidentiality" in this case. Home Depot presumably would not be able to make such a designation under the S.D.N.Y. Model Stipulation. Accordingly, Home Depot submits that good cause exists to deviate from the S.D.N.Y. Model Confidentiality Stipulation and requests that the Proposed Confidentiality Stipulation and Protective Order, submitted on March 7, 2025 (PACER Doc. No. 13) be So-Ordered.

Your time and consideration is most appreciated.

                          Respectfully submitted,

                          *Patrick A. Dougherty*

                          Patrick A. Dougherty, Esq.
                          PAD\pad